

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 16 2008

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ORLANDO WASHINGTON, on behalf of himself and all others similarly situated,           Plaintiff, | ) ) ) ) ) ) ) |
| vs. | ) ) |
| GENERAL WHOLESALE COMPANY           Defendant. | ) ) ) ) ) |

CIVIL ACTION
FILE NO.

**1:08-CV-3803**

JURY TRIAL DEMANDED

-GET

## COMPLAINT

### INTRODUCTION

Orlando Washington, ("Plaintiff"), brings this action against Defendant by and through his attorney and alleges as follows:

1.

Plaintiff, Orlando Washington, ("Plaintiff"), brings this action, on behalf of himself and others similarly situated, against Defendant for overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a beverage delivery driver and performed related activities for Defendant in, among others, Fulton County, Georgia. This action is brought under the FLSA to recover from

Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

2.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

## VENUE

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (2).

## PARTIES

4.

Plaintiff, Orlando Washington is a resident of Riverdale, Georgia located in Clayton, Georgia and was employed by Defendants as a delivery driver from May, 2006 through present. Plaintiff has concurrently filed his Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b). *See Exhibit A.*

5.

Defendant, General Wholesale Company, is a Georgia Corporation that operates and conducts business in, among others, Fulton County, GA, and is therefore within the jurisdiction of this Court.

6.

General Wholesale Company is an employer as defined by 29 U.S.C. § 201 et. seq. Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on Registered Agent Stephen T. Young, 1271 Tacoma Drive NW, Atlanta, GA 30318.

## VIOLATIONS OF THE FLSA

7.

At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203 (r) and 203 (s).

8.

For purposes of FLSA coverage, Plaintiff is also individually covered by the FLSA because he was engaged in interstate commerce during his employment with Defendant.

9.

At all times relevant Plaintiff has been an employee of Defendant within the meaning of FLSA.

10.

At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because during his employment with Defendant, Plaintiff, and those similarly situated to him, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more work weeks.

11.

Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated to him, are in the possession and custody of Defendant.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

12.

Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11 above.

13.

Plaintiff, and those similarly situated, are entitled to receive proper payment of time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week. During his employment with Defendant, Plaintiff,

and those similarly situated, routinely worked overtime hours but were not properly compensated for same.

14.

As a result of Defendant's intentional, willful and unlawful acts by refusing to properly pay Plaintiff, and those similarly situated to his, their regular rate of pay for each hour worked in one or more weeks of employment with Defendant, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

16.

As a result of Defendant's willful violation of the FLSA, Plaintiff, and those employees similarly situated, are entitled to liquidated damages.

17.

PLAINTIFF DEMANDS A TRIAL JURY.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for payment of all overtime hours at one and one-half of the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

DATED this 16th day of December, 2008.

_____
DEIRDRE M. STEPHENS, ESQ.
GA BAR NO: 678789
Morgan & Morgan, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
Phone: 404-965-8811
Attorney for Plaintiff